**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | |
|---|---|
| **THE J. NOBLE GROUP, LLC** | |
|      **Plaintiff,** | |
| **v.** | **Case No.: 1:22-cv-01618-LKG** |
| **REGINALD ALLEN ET AL.** | |
|      **Defendants.** | |

<u>PLAINTIFF'S MOTION TO COMPEL AND/OR FOR SANCTIONS</u>

Plaintiff files this Motion to Compel and/or for Sanctions arising from Defendants Reginald Allen and Broadcast Commercial Construction, LLC's refusal to participate in discovery.   First, Plaintiff propounded written discovery in early October 2022 and almost a year later, Defendants have still not produced any discovery responses or any documents notwithstanding Plaintiff providing numerous extensions and the Court ordered the Defendants to produce written discovery (and Plaintiff agreed to additional extensions beyond the Court's initial deadline). *See* (ECF 37); (ECF 51); (ECF 54). Yet nothing has been produced.

Second, Mr. Allen unilaterally refused to appear at his deposition on a mutually agreed upon date. Plaintiff noted the deposition both individually and in his capacity as the corporate representative for Broadcast Commercial Construction, LLC. As explained in detail below, this Court should sanction Defendants by entering a default judgment against Defendants and award attorney's fees for the costs of bringing this motion and the wasted time spent attempting to obtain discovery responses from Defendants. To the extent the Court is unwilling to enter a default judgment, although the Court has already ordered Allen to produce written discovery, *see*

(ECF 37), this Court should again order Allen to produce written discovery responses and order him to sit for a deposition subject to the contempt powers of this Court.

BACKGROUND

1.  This lawsuit was filed on June 30, 2022. (ECF 1). Plaintiff alleged in the complaint that Defendant Allen and Broadcast Commercial Construction, LLC,[1] among other claims, converted $1,000,000.00 from Plaintiff. (ECF 1).

2.  On June 7, 2021, Plaintiff transferred $1,000,000.00 to a Florida attorney's trust account. (ECF 1-2). The Florida attorney transferred $895,000.00 of the money to Mr. Allen the same day. (ECF 1-2). Mr. Allen received $895,000.00 into his bank account at JP Morgan Chase on June 7, 2021. (Ex. 1, Chase Bank Statement).[2]

3.  Incredibly, Mr. Allen and Broadcast Commercial Construction, LLC each filed a short two-page answer generally denying liability under FRCP 8(b)(3), with the exception of the first six paragraphs of the complaint identifying the Parties and addressing jurisdiction and venue. (ECF 17, 19). A general denial, of course, is only appropriate when a party in "good faith" intends "to deny all the allegations of a pleading." FRCP 8(b)(3).[3]

4.  This Court issued a scheduling order on September 20, 2022. (ECF 27).

Defendants Refusal to Provide Written Discovery Responses

---

[1] Mr. Allen is believed to be the sole person responsible for and operating Broadcast Commercial Construction, LLC. For example, Mr. Allen signed the articles of organization as an "authorized person," he serves as the company's resident agent, and he lists the company's address as his home address. (Ex. 3, Articles of Org., at 2). Mr. Allen was also identified by the company's attorney as the sole person who would testify as the entity's corporate designee under Rule 30(b)(6) of the Federal Rules of Civil Procedure. (Ex. 4, Email 5/22/23).

[2] As alleged in the complaint, Allen returned $400,000 to Plaintiff shortly after receiving this money, but this $400,000 was again paid by Plaintiff to Allen's agent. *See* (ECF 1, Compl., ¶¶ 23, 33-37).

[3] Plaintiff requested that Defense counsel file amended answers that comply with Rule 11 of the Federal Rules of Civil Procedure, but Defense counsel did not respond to this request. Specifically, on July 3, 2023, Plaintiff's counsel sent Defense counsel a letter requesting "that, by July 10, 2023, you file amended answers in this case for both of your clients that comply with Rule 11." (Ex. 5, Letter to Defense Counsel). Defense counsel did not respond to this letter or file amended answers for his clients.

5.  On October 6, 2022, after the Defendants filed answers generally denying the allegations in the complaint, Plaintiff propounded interrogatories and requests for production of documents to each Defendant Allen and Defendant Broadcast. (Ex. 2, Discovery Requests Email).

6.  To date, Plaintiff has not received any written discovery responses.

7.  On October 18, 2022, counsel for Defendant Allen and Broadcast requested an extension until December 6, 2022, to which counsel for Plaintiff agreed. (Ex. 6, Email).

8.  On December 5, 2022, counsel for Plaintiff agreed to a "final extension" until December 12, 2022 for Defendants Allen and Broadcast to serve responses to Plaintiff's written discovery requests. (Ex. 7, Email 12/5/22).

> We agree to giving your client until December 12, 2022 to serve full and complete discovery responses and produce responsive documents to the written discovery requests propounded on Broadcast and Mr. Allen almost two months ago. This is our final extension.

(Ex. 7, Email 12/5/22).

9.  Defendants did not serve discovery responses by December 12, 2022.

10. On December 19, 2022, Plaintiff filed a Request for a Pre-Motion Conference requesting permission to file a motion to compel. (ECF 34).

11. On January 12, 2023, a telephone conference was held. (ECF 36). The Court ordered as follows: "Defendants, Reginald Allen and Broadcast Commercial Construction, LLC to respond to plaintiff's document requests and interrogatories on or before February 1, 2023." (ECF 37).

12. On February 6, 2023, Defendants filed a status report stating that

> [T]he Defendants were ordered to respond to plaintiff's document requests and interrogatories on or before February 1, 2023, which date has now passed. Given that counsel is just entering into this case, counsel requests that the date by which Defendants must respond to this discovery be extended for 30 days, until on or before March 6, 2023. Undersigned counsel also understands that plaintiff's counsel has been requesting dates to take the deposition of Defendant Reginald

Allen. Counsel requests that the date by which Defendant Allen must appear for such a deposition be established as on or before March 16, 2023.

(ECF 46).[4]

13. On February 27, 2023, the Parties filed a consent motion indicating that Defendants "shall respond to plaintiff's document requests and interrogatories on or before March 22, 2023" and "[t]he deposition of Defendant Reginald Allen shall take place on March 29, 2023." (ECF 51). That same day, the Court granted the Parties consent motion. (ECF 52).

14. On March 17, 2023, a settlement conference was held with Judge Coulson.

15. Discovery was not produced and Reginald Allen's deposition did not occur.

16. On April 25, 2023, Plaintiff's counsel again requested Defendants' written discovery responses. (Ex. 8, Email dated 4/25/23).

17. On May 10, 2023, the Parties submitted a joint status report to the Court, indicating to the Court that "Defendants will produce written discovery responses by May 31, 2023," and stating that "the Parties are presently working to schedule the deposition of Reginald Allen." (ECF 54).

18. Defendants did not produce written discovery responses by May 31, 2023.

19. On June 12, 2023, Plaintiff's counsel again filed a request for a pre-motion conference for sanctions or to compel based on Mr. Allen's refusal to provide any written discovery responses, (ECF 56), which relates back to the still unresolved issue related to the pre-motion conference requested in December 2022. *See* (ECF 34).

20. To date, Defendants have produced nothing. Specifically, Defendants have not provided answers to interrogatories, Defendants have not provided responses to Plaintiff's request for production of documents, and Defendants have not produced any documents.

<u>Defendants' Refused to Appear for his Deposition</u>

---

[4] Plaintiff also provided its written discovery requests to Defendant. *See* (Ex. 17, Email).

21. On January 13, 2023, Plaintiff's counsel requested deposition dates for Mr. Allen's deposition and specifically proposed February 14, February 15, or February 16. (Ex. 9, Email 1/13/23). In response, defense counsel responded: "I presented the dates. He will let me know next week which date works." (Ex. 9, Email 1/13/23). Defense counsel did not subsequently provide any dates for Mr. Allen's deposition.

22. On January 18, 2023, Plaintiff's counsel again requested deposition dates for Mr. Allen's deposition. (Ex. 10, Email dated 1/18/23). Defense counsel did not respond to Plaintiff's counsel's email.

23. On January 19, 2023, Defense counsel filed a motion to strike his appearance. (ECF 38). On January 23, 2023, the Court issued an order holding in abeyance defense's counsel's request to withdraw his appearance. (ECF 40).

24. On January 27, 2023, Plaintiff's counsel again requested deposition dates for Mr. Allen's deposition. (Ex. 11, 1/17/23 Email).

25. On January 28, 2023, Mr. Allen's counsel responded: "I have a pending motion filed with the court to strike my appearance. I cannot act inconsistent with that motion." (Ex. 12, Email 1/28/23).

26. On January 30, 2023, Plaintiff filed a Request for a Pre-Motion Conference to compel a deposition from Reginald Allen. (ECF 41).

27. On March 2, 2023, Plaintiff noted Mr. Allen's deposition for March 29, 2023 in his individual capacity and as a corporate representative for Broadcast Commercial Construction, LLC. (Ex. 13, Email 3/2/23 and Notice).

28. This deposition did not go forward because it appeared the case was on the verge of settlement. Once it became clear the case would not settle, the Parties jointly reported to the Court that "the settlement conference was unsuccessful." (ECF 54).

29. On May 22, 2023, the Defendants' attorney confirmed that June 29, 2023 was available for the deposition of Mr. Allen and for Defendant Broadcast Commercial Construction. (Ex. 14 Email 5/22/23).

30. That same day, Plaintiff's counsel sent a deposition notice to Counsel for Allen to depose Mr. Allen on June 29, 2023 in his individual capacity and in his capacity as corporate designee for Broadcast Commercial Construction, LLC. (Ex. 15, Email and Deposition Notice).

31. On June 28, 2023, the day before the deposition, Defense counsel notified Plaintiff's counsel that he and Mr. Allen would not appear for his deposition because he was "working" "to fund a settlement":

> With respect to the deposition of Mr. Allen scheduled for tomorrow morning, June 29th, Mr. Allen will not be able to attend the deposition either personally or on behalf of Broadcast Commercial, and requests that the deposition be rescheduled on a date to be agreed upon if this matter is not settled within the next two weeks. Mr. Allen has been devoting almost all of his time resolving issues related to the funding of the first of the funding transactions he has been working on to fund a settlement with Noble Group. Mr. Allen today has the funds in his account for the initial settlement installment payment. I expect those funds to be in the escrow account of Jones & Associates, P.C. later today or no later than tomorrow. Once I receive those funds I will be in touch with you.
>
> As I am sure you know, over the last two months and particularly over the last three weeks Josh Brammer and Leyton Perris separately have had numerous conversations with Mr. Allen regarding settlement of this matter and available funding of Mr. Allen, generally with Mr. Brammer initiating the calls to Mr. Allen. That is what Mr. Allen has been working on.
>
> In sum, Mr. Allen has experienced a series of complications and delays in consummating the first of a series of transactions involving overseas transactions. Mr. Allen has always made it clear that it is these series of transactions by which he will have funds to make the monetary payments to settle this litigation. While the attempted transaction involving Mr. Allen, Mr. Brammer and Mr. Perris was a

transaction that failed, and not because of any fraud by Mr. Allen or Broadcast Commercial as alleged in the Complaint, Mr. Allen, for his own reasons, still wants to get Mr. Perris and Mr. Brammer reimbursed for the funds they put into the transaction.  Mr. Allen also still has substantial other debts for funds which he personally committed to the failed transaction.

I realize the closing on the funding for the initial transaction Mr. Allen has been working on has been a moving delayed target, but it does appear as of this morning that Mr. Allen is in a position to proceed with a settlement resolution.

I apologize for the short notice on the cancellation of the deposition.

(Ex. 16, Email from Def. Counsel).

32. Plaintiff's counsel responded as follows:

We do not consent or agree to your client refusing to appear for his deposition, which was mutually scheduled some time ago.

There is no agreement in place between our clients so whatever deal your client is working on it is literally irrelevant to our right to obtain discovery from your client and take his deposition.

We will seek sanctions from the Court.

(Ex. 16, Email from Plaintiff's Counsel).

33. On July 3, 2023, Plaintiff filed another letter requesting a Pre-Motion Conference arising from Allen's refusal to appear for his deposition. (ECF 58).

34. A pre-motion conference was held on August 29, 2023, and the Court authorized the filing of this motion. (ECF 60)

ARGUMENT

I. **This Court should sanction Defendant Reginald Allen and Defendant Broadcast Commercial Construction.**

"Civil cases simply cannot proceed without participation by all parties in discovery."

*Pruitt v. Bank of Am., N.A.*, Civil Action No. PX 8:15-cv-01310, 2016 U.S. Dist. LEXIS 166821, at *8 (D. Md. Dec. 2, 2016). A "failure to attend a deposition can derail the discovery process."

7

*Id.* at *6. "Interrogatories and depositions are important elements of discovery; a defendant [or a plaintiff as is the case here] would be hard-pressed to conduct its case without them." *Id.* at *6.

### a. This Court should enter a default judgment in favor of Plaintiff as a discovery sanction under FRCP 37(d)(3).

"A party's total failure to comply with the mandates of discovery, with no explanation for that failure, can certainly justify this harshest of sanctions." *Pruitt v. Bank of Am., N.A.*, Civil Action No. PX 8:15-cv-01310, 2016 U.S. Dist. LEXIS 166821, at *5 (D. Md. Dec. 2, 2016). "[A] default sanction can, under certain circumstances, be an appropriate response to the violation of a Rule 16 order. After all, the express terms of Rule 37 permit a trial court to impose sanctions when 'a party fails to obey an order to provide or permit discovery.'" *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995). "If a party fails to obey an order to provide or permit discovery, fails to appear for a deposition, or fails to serve a response after being served with interrogatories or a request for production, the district court may order sanctions, including 'rendering a default judgment against the disobedient party.'" *Mey v. Phillips*, 71 F.4th 203, 218 (4th Cir. 2023) (quoting Fed. R. Civ. P. 37(b)(2)(A)(vi), (d)(1)(A), (d)(3)).

Indeed, "[i]f a party fails to respond to interrogatory requests, dismissal is appropriate." *Flowers v. Wash. Metro. Area Transit Auth.*, Civil Action No. GLS 21-0461, 2022 U.S. Dist. LEXIS 203294, at *9 (D. Md. Nov. 7, 2022). *See also NHL v. Metro. Hockey Club*, 427 U.S. 639, 643, 96 S. Ct. 2778, 2781 (1976) (affirming district court's decision to dismiss Plaintiff's complaint when "[a]fter seventeen months . . . crucial interrogatories remained substantially unanswered despite numerous extensions granted at the eleventh hour and, in many instances, beyond the eleventh hour, and notwithstanding several admonitions by the Court and promises

and commitments by the plaintiffs"); *Green v. John Chatillon & Sons*, 188 F.R.D. 422, 424

(M.D.N.C. 1998) ("Failure to respond to interrogatories can merit dismissal or default.")

"When the sanction involved is judgment by default, the district court's 'range of

discretion is more narrow' because the district court's desire to enforce its discovery orders is

confronted head-on by the party's rights to a trial by jury and a fair day in court." *Mey*, 71 F.4th

at 218. "To balance those competing interests, district courts must consider the following *Wilson*

factors in determining whether to sanction a party with default judgment: '(1) whether the

noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his

adversary; (3) the need for deterrence of the particular sort of noncompliance; and (4) the

effectiveness of less drastic sanctions.'" *Id.*

### b. Mr. Allen has acted in bad faith by obfuscating discovery.

Mr. Allen's conduct constitutes bad faith under FRCP 37. To be sure, repeated refusals to

participate in a lawsuit amounts to bad faith. *See Doggett v. City of Hyattsville*, Civil Action No.

TDC-13-3889, 2014 U.S. Dist. LEXIS 161030, at *8 (D. Md. Nov. 17, 2014) ("Doggett has thus

repeatedly refused to participate in a lawsuit that he himself initiated, a refusal that amounts to

bad faith.").

Here, Mr. Allen has never offered any explanation for his refusal to produce written

discovery responses, which were initially propounded in October 2022. In January 2023, the

Court ordered as follows: "Defendants, Reginald Allen and Broadcast Commercial Construction,

LLC to respond to plaintiff's document requests and interrogatories on or before February 1,

2023." (ECF 37). Plaintiffs agreed to give Defendants more time through the end of May 2023,

but no discovery responses have ever been provided. (ECF 51); (ECF 54).

With respect to his deposition, Mr. Allen's counsel offered no explanation aside from Allen's aspirational hope of funding a settlement. Mr. Allen's excuse, *i.e.*, his hopes of "funding" a settlement does not provide an excuse for his unilateral refusal to appear at a sworn deposition which was scheduled on an agreed upon date. *See, e.g.*, Discovery Guideline 4(c) ("An agreed-upon deposition date is presumptively binding.").

### c.   Plaintiff is substantially prejudiced by Defendants' bad faith conduct.

Defendants have caused Plaintiff substantial prejudice by refusing to participate in discovery. Defendant has refused to produce written discovery response and he failed to appear at the deposition of himself personally and as a corporate representative for the organizational defendant. Plaintiff is obviously highly prejudiced. *See, e.g., Vien v. Walker*, No. PJM 12-1796, 2014 U.S. Dist. LEXIS 28582, at *5 (D. Md. Mar. 5, 2014) ("By failing to attend his own deposition, Vien has undeniably caused Defendants prejudice.").

Here, Allen has intentional sought to prevent Plaintiff from obtaining information directly related to the Plaintiff's claims and Defendants' purported defenses based on their filing of general denials in this case.

### d.   A default judgment is an appropriate sanction to deter Mr. Allen and others from ignoring the Rules governing discovery.

This Court should enter an order that will deter Allen and others from flouting the rules governing discovery and this Court's orders.

In *NHL v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976), the U.S. Supreme Court affirmed a trial court's determination that a dismissal of a complaint was an appropriate sanction under Rule 37 when "crucial interrogatories remained substantially unanswered." The trial court explained as follows:

> After seventeen months where crucial interrogatories remained substantially unanswered despite numerous extensions granted at the eleventh hour and, in many instances, beyond the eleventh hour, and notwithstanding several admonitions by the Court and promises and commitments by the plaintiffs, the Court must and does conclude that the conduct of the plaintiffs demonstrates the callous disregard of responsibilities counsel owe to the Court and to their opponents. The practices of the plaintiffs exemplify flagrant bad faith when after being expressly directed to perform an act by a date certain, viz., June 14, 1974, they failed to perform and compounded that noncompliance by waiting until five days afterwards before they filed any motions.

*Id*. at 640. The Supreme Court emphasized the importance of sanctions serving as both an individual deterrent to ensure compliance with the rules governing discovery and court orders but also as a general deterrent to ensure other do not flout discovery orders:

> [T]he most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent. If the decision of the Court of Appeals remained undisturbed in this case, it might well be that these respondents would faithfully comply with all future discovery orders entered by the District Court in this case. But other parties to other lawsuits would feel freer than we think Rule 37 contemplates they should feel to flout other discovery orders of other district courts.

*Id*. at 643.

Here, Allen has flouted the rules governing discovery as well as this Court's order to produce discovery even after Plaintiff agreed to give Defendants until late May 2023 to which he could comply. A default judgment is an appropriate sanction in this case.

### e. Any sanction less than a default judgment would be ineffective.

A sanction less than a default judgment would not be effective. In *Costar Realty Info., Inc. v. Field*, 737 F. Supp. 2d 496, 502 (D. Md. 2010), this Court entered a default judgment against a defendant who "completely failed to respond to any discovery request" and who "failed to attend his deposition after receiving repeated notification":

*As CoStar argues, and the Court agrees, the entry of default and default judgment is appropriate given that the evidence shows that Field has completely failed to respond to any discovery request, or to Plaintiffs' correspondence about discovery, and failed to attend his deposition after receiving repeated notification from CoStar. Field has not explained his failure to comply with discovery, as he has not filed any response to Plaintiffs' motion.* In fact, Field has not respond to the Court's Show Cause Order issued on November 2, 2009, and has not responded to Plaintiffs' correspondences since July 2009. Moreover, CoStar alleges that Field provided access to its database to all the other Defendants, and the lack of discovery from Field potentially jeopardizes CoStar's ability to obtain evidence against the other Defendants. The Court is satisfied that Field has received proper notice of these various requests and correspondences because Costar has provided documentation that it sent notifications to the mailing address listed for Field in this litigation and to Field's e-mail address. The Court has received no notification that Field has changed his address and notes that as a pro se litigant, Field has a continuing obligation to keep the clerk informed of an address "where notices can be served" in this District subject to entry of default judgment for failure to comply with this rule. Local Rule 102(1)(b)(iii). Thus, the Court believes that Field's utter failure to defend this matter or to otherwise cooperate with Plaintiffs and this Court warrants the striking of Field's answer and the entry of default judgment and finds that a less drastic sanction will be ineffective. Accordingly, the Court will grant Plaintiffs' Motion for Default Judgment and will defer ruling on damages and attorneys' fees until after resolution of the claims against the remaining Defendants.

*Id* (emphasis added).

Similarly, in *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009), the Seventh Circuit affirmed the dismissal of a plaintiff's lawsuit against her employer when "on a date she selected, Collins appeared for her deposition" but she "refused to be questioned in the presence of anyone but lawyers" even though "the defendants who were present were entitled to be there" and the "despite the lawyers' attempts to explain this to Collins, she still refused."  Additional, the "attorney offered to call the magistrate judge to resolve the dispute, but Collins left before the call could be made." *Id*. at 695. In affirming the District Court's dismissal of the plaintiff's complaint as a sanction, the Seventh Circuit explained that "[t]he district court's choice of dismissal was reasonable given Collins's willful refusal to be deposed. The court made an explicit finding that Collins's conduct was willful in that she refused to wait until the magistrate

judge could be contacted to address her objections, and she gave no legitimate reason for walking out of her deposition." *Id*. at 696. The Seventh Circuit noted that "[t]he record also reveals a pattern of disregard for discovery rules including a failure to timely answer interrogatories and supply documents." *Id*. at 697.

Here, a default judgment is an appropriate sanction for Allen's misconduct. While the Seventh Circuit dismissed a complaint based on a Plaintiff walking out of a deposition and failing to "timely answer interrogatories and supply documents," the conduct is more egregious in this case. Defendants have produced zero discovery despite being ordered to do so earlier this year (to which Plaintiff agreed to more time to respond through the end of May 2023). (ECF 37). Despite these efforts, Defendants have produced nothing.  Beyond the refusal to produce written discovery, Defendants simply refused to appear for a deposition on a date, which was agreed upon by counsel. (Ex. 14, Email). Plaintiff submits that any sanction less than a default judgment would be ineffective.

**II.    To the extent this Court does not issue a default judgment on liability, this Court should order Mr. Allen, subject to the Court's contempt powers, to appear for a deposition and provide full and complete written discovery responses.**

To the extent this Court does not issue a default judgment, this Court should order Mr. Allen, individually and in his capacity as corporate designee for Defendant Broadcast Commercial Construction, to appear for a sworn deposition subject to this Court's contempt powers. Plaintiff further requests that this Court again order Defendants to produce full and complete responses to Plaintiff's written discovery requests by a date certain.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." FRCP 26(b)(l). "'Relevance' is construed broadly in the discovery context and is not limited to evidence that would be admissible in court." *Sirpal v. Fengrong*

*Wang*, 2012 U.S. Dist. LEXIS 97145, at *16 (D. Md. July 11, 2012). The sought after information should only appear to be "reasonably calculated to lead to the discovery of admissible evidence." FRCP 26(b)(1).

Here, Plaintiff has propounded relevant written discovery requests and sought to depose the Defendants. To the extent this Court denies Plaintiff's request for a default judgment, Plaintiff requests that this Court (1) order Defendants to appear for a sworn deposition subject to this Court's contempt powers on a date and time of Plaintiff's choosing and (2) order Defendants to produce full and complete responses to Plaintiff's written discovery requests by a date certain.

**III.     Plaintiff requests an award of attorney's fees under FRCP 37.**

Plaintiff also seeks an award of attorney's fees under FRCP 37(a)(5)(A) and FRCP 37(d)(3). To the extent this Court grant's Plaintiff's motion, Plaintiff seeks an award of attorney's fees for the costs of bringing this motion and for the wasted time spent attempting to obtain discovery responses from Defendants. If the Court determines that Plaintiff is eligible or an award of attorney's fees, Plaintiff requests that this Court permit Plaintiff 14 days to file a fee petition with this Court.

**IV.     Conclusion.**

For the reasons stated above, Plaintiff requests that this Court grant Plaintiff's motion to compel and/or for sanctions and enter a default judgment against Plaintiff. To the extent this Court is unwilling to enter a default judgment against Defendants, Plaintiff requests that this Court order Defendants to sit for a sworn deposition subject to this Court's contempt powers. Plaintiff and produced written discovery by a date certain. Plaintiff further requests that this Court grant Plaintiff's request for attorney's fees and permit Plaintiff 14 days to file a petition for payment attorney's fees.

<u>FRCP 37(a)(1) Certification</u>

The following reflect Plaintiff's efforts to resolve these discovery disputes. With respect to obtaining Defendants' written discovery responses, Plaintiff provided Defendants with additional time to provide written discovery responses as reflected in Exhibits 6 (to 12/6/22), 7 (to 12/12/22), and 8 (to 4/28/23). Plaintiff filed a joint status report with Defendants' counsel providing Defendants until 5/31/23 to provide written discovery responses. *See* (ECF 54). With respect to Defendants' deposition, in January 2023, Plaintiff's counsel sought to obtain deposition dates from the Defendants' prior counsel as reflected in the communications attached as Exhibit 9, 10, and 11. Defendant retained new counsel. Plaintiff's counsel cleared June 29, 2023 for Mr. Allen's deposition individually and as the corporate designee for Broadcast Commercial Construction, LLC. (Ex. 14). The day before the deposition, Defendants' counsel notified Plaintiff's counsel that Allen would not be appearing for his deposition. *See* (Ex. 16). Plaintiff filed a pre-motion request for conference. (ECF 58).

<u>HEARING REQUEST</u>

Plaintiff's counsel requests a hearing under Local Rule 105(6).

Respectfully Submitted,

By:     _____/s/_____

Matthew M. Bryant (#18014)
mbryant@jgllaw.com
JOSEPH, GREENWALD & LAAKE, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770
T: (240) 553-1185
F: (240) 553-1784
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of September, 2023, a copy of the

foregoing was sent via the Court's electronic filing system to all attorneys of record in this

case.

_____/s/_____
Matthew M. Bryant