IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THE J. NOBLE GROUP, LLC | * |
| Plaintiff, | * |
| vs. | *   Civil Action No. BAH-22-1618 |
| REGINALD ALLEN, et al., | * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

This case was referred to me on August 30, 2023 for all discovery. ECF No. 61. In doing so I am tasked to resolve the Motion for Sanctions filed by the Plaintiff. ECF No. 62. The matter is fully briefed and there is no need for a hearing. Loc. R. 105.6 (D.Md. July 2023). For the reasons set forth herein, I recommend the Court GRANT the Motion for Sanctions and enter a Default Judgment in favor of Plaintiff for the total amount of the judgment sought and assess costs to be determined by fee petition to the Court.

**Factual Background[1]**

This lawsuit was filed on June 30, 2022. (ECF 1). Plaintiff alleged in the complaint that Defendant Allen and Broadcast Commercial Construction, LLC, among other claims, converted $1,000,000.00 from Plaintiff. (ECF 1).

Mr. Allen and Broadcast Commercial Construction, LLC each filed a short two-page answer generally denying liability under FRCP 8(b)(3), with the exception of the first six

---

[1] The facts presented are taken from Plaintiff's Motion which is in essence uncontested, along with entries from the docket regarding Court intervention.

paragraphs of the complaint identifying the Parties and addressing jurisdiction and venue. (ECF 17, 19).

This Court issued a scheduling order on September 20, 2022. (ECF 27).

**Defendants Refusal to Provide Written Discovery Responses**

Mr. Allen is believed to be the sole person responsible for and operating Broadcast Commercial Construction, LLC. For example, Mr. Allen signed the articles of organization as an "authorized person," he serves as the company's resident agent, and he lists the company's address as his home address. (Ex. 3, Articles of Org., at 2). Mr. Allen was also identified by the company's attorney as the sole person who would testify as the entity's corporate designee under Rule 30(b)(6) of the Federal Rules of Civil Procedure. (Ex. 4, Email 5/22/23).

Plaintiff requested that Defense counsel file amended answers that comply with Rule 11 of the Federal Rules of Civil Procedure, but Defense counsel did not respond to this request. Specifically, on July 3, 2023, Plaintiff's counsel sent Defense counsel a letter requesting "that, by July 10, 2023, you file amended answers in this case for both of your clients that comply with Rule 11." (Ex. 5, Letter to Defense Counsel).

Defense counsel did not respond to this letter or file amended answers for his clients.

On October 6, 2022, after the Defendants filed answers generally denying the allegations in the complaint, Plaintiff propounded interrogatories and requests for production of documents to Defendant Allen and Defendant Broadcast. (Ex. 2, Discovery Requests Email).

At that time, Plaintiff had not received any written discovery responses.

On October 18, 2022, counsel for Defendant Allen and Broadcast requested an extension until December 6, 2022, to which counsel for Plaintiff agreed. (Ex. 6, Email).

2

On December 5, 2022, counsel for Plaintiff agreed to a "final extension" until December 12, 2022 for Defendants Allen and Broadcast to serve responses to Plaintiff's written discovery requests. (Ex. 7, Email 12/5/22). "We agree to giving your client until December 12, 2022 to serve full and complete discovery responses and produce responsive documents to the written discovery requests propounded on Broadcast and Mr. Allen almost two months ago. This is our final extension." (Ex. 7, Email 12/5/22).

Defendants did not serve discovery responses by December 12, 2022.

On December 19, 2022, Plaintiff filed a Request for a Pre-Motion Conference requesting permission to file a motion to compel. (ECF 34).

On January 12, 2023, a telephone conference was held. (ECF 36). The Court ordered as follows: "Defendants, Reginald Allen and Broadcast Commercial Construction, LLC to respond to plaintiff's document requests and interrogatories on or before February 1, 2023." (ECF 37).

On February 6, 2023, Defendants filed a status report stating that "[T]he Defendants were ordered to respond to plaintiff's document requests and interrogatories on or before February 1, 2023, which date has now passed. Given that counsel is just entering into this case, counsel requests that the date by which Defendants must respond to this discovery be extended for 30 days, until on or before March 6, 2023. Undersigned counsel also understands that plaintiff's counsel has been requesting dates to take the deposition of Defendant Reginald Allen. Counsel requests that the date by which Defendant Allen must appear for such a deposition be established as on or before March 16, 2023." (ECF 46).

On February 27, 2023, the Parties filed a consent motion indicating that Defendants "shall respond to plaintiff's document requests and interrogatories on or before March 22, 2023"

and "[t]he deposition of Defendant Reginald Allen shall take place on March 29, 2023." (ECF 51). That same day, the Court granted the Parties consent motion. (ECF 52).

On March 17, 2023, a settlement conference was held with Judge Coulson.

Discovery was not produced and Reginald Allen's deposition did not occur.

On April 25, 2023, Plaintiff's counsel again requested Defendants' written discovery responses. (Ex. 8, Email dated 4/25/23).

On May 10, 2023, the Parties submitted a joint status report to the Court, indicating to the Court that "Defendants will produce written discovery responses by May 31, 2023," and stating that "the Parties are presently working to schedule the deposition of Reginald Allen." (ECF 54).

Defendants did not produce written discovery responses by May 31, 2023.

On June 12, 2023, Plaintiff's counsel again filed a request for a pre-motion conference for sanctions or to compel based on Mr. Allen's refusal to provide any written discovery responses, (ECF 56), which relates back to the still unresolved issue related to the pre-motion conference requested in December 2022. See (ECF 34).

As of that date, Defendants failed to produce any written discovery or produce Allen for deposition. Specifically, Defendants have not provided answers to interrogatories, Defendants have not provided responses to Plaintiff's request for production of documents, and Defendants have not produced any documents.

**Defendants' Refused to Appear for his Deposition**

On January 13, 2023, Plaintiff's counsel requested deposition dates for Mr. Allen's deposition and specifically proposed February 14, February 15, or February 16. (Ex. 9, Email 1/13/23).

4

In response, defense counsel responded: "I presented the dates. He will let me know next week which date works." (Ex. 9, Email 1/13/23). Defense counsel did not subsequently provide any dates for Mr. Allen's deposition.

On January 18, 2023, Plaintiff's counsel again requested deposition dates for Mr. Allen's deposition. (Ex. 10, Email dated 1/18/23). Defense counsel did not respond to Plaintiff's counsel's email.

On January 19, 2023, Defense counsel filed a motion to strike his appearance. (ECF 38). On January 23, 2023, the Court issued an order holding in abeyance Defense counsel's request to withdraw his appearance. (ECF 40).

On January 27, 2023, Plaintiff's counsel again requested deposition dates for Mr. Allen's deposition. (Ex. 11, 1/17/23 Email).

On January 28, 2023, Mr. Allen's counsel responded: "I have a pending motion filed with the court to strike my appearance. I cannot act inconsistent with that motion." (Ex. 12, Email 1/28/23).

On January 30, 2023, Plaintiff filed a Request for a Pre-Motion Conference to compel a deposition from Reginald Allen. (ECF 41).

On March 2, 2023, Plaintiff noted Mr. Allen's deposition for March 29, 2023 in his individual capacity and as a corporate representative for Broadcast Commercial Construction, LLC. (Ex. 13, Email 3/2/23 and Notice). This deposition did not go forward because it appeared the case was on the verge of settlement. Once it became clear the case would not settle, the Parties jointly reported to the Court that "the settlement conference was unsuccessful." (ECF 54).

5

On May 22, 2023, the Defendants' attorney confirmed that June 29, 2023 was available for the deposition of Mr. Allen and for Defendant Broadcast Commercial Construction. (Ex. 14 Email 5/22/23).

That same day, Plaintiff's counsel sent a deposition notice to Counsel for Allen to depose Mr. Allen on June 29, 2023 in his individual capacity and in his capacity as corporate designee for Broadcast Commercial Construction, LLC. (Ex. 15, Email and Deposition Notice).

On June 28, 2023, the day before the deposition, Defense counsel notified Plaintiff's counsel that he and Mr. Allen would not appear for his deposition because he was "working" "to fund a settlement": "With respect to the deposition of Mr. Allen scheduled for tomorrow morning, June 29th, Mr. Allen will not be able to attend the deposition either personally or on behalf of Broadcast Commercial, and requests that the deposition be rescheduled on a date to be agreed upon if this matter is not settled within the next two weeks. Mr. Allen has been devoting almost all of his time resolving issues related to the funding of the first of the funding transactions he has been working on to fund a settlement with Noble Group. Mr. Allen today has the funds in his account for the initial settlement installment payment. I expect those funds to be in the escrow account of Jones & Associates, P.C. later today or no later than tomorrow. Once I receive those funds I will be in touch with you." (Ex. 16, Email from Def. Counsel).

Plaintiff's counsel responded as follows: "We do not consent or agree to your client refusing to appear for his deposition, which was mutually scheduled some time ago. There is no agreement in place between our clients so whatever deal your client is working on it is literally irrelevant to our right to obtain discovery from your client and take his deposition. We will seek sanctions from the Court." (Ex. 16, Email from Plaintiff's Counsel).

6

On July 3, 2023, Plaintiff filed another letter requesting a Pre-Motion Conference arising from Allen's refusal to appear for his deposition. (ECF 58). 34. A pre-motion conference was held on August 29, 2023, and the Court authorized the filing of this motion. (ECF 60).

On December 5, 2023, the Court was advised by supplemental filings from Plaintiff (ECF No. 67) that there has been some responsive documents but Defendant again failed to appear for a scheduled deposition.

**Sanctions**

Rule 37(d) of the Federal Rules of Civil Procedure gives the district court wide discretion to impose sanctions for a party's failure to comply with its discovery orders. Fed. R. Civ. P. 37(d); *Mya Saray, LLC v. Al-Amir*, 831F.Supp.2d 922, 930, (EDVA 2011), *citing Mutual Federal Sav. And Loan Ass'n v. Richards and Associates, Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). When a court considers one of these extreme sanctions, its discretion is limited because its "desire to enforce its discovery orders is confronted head-on by the party's rights to a trial by jury and a fair day in court." *Mutual Fed.*, 872 F.2d at 92. "*Sanctions do not deprive the litigant of the right to trial by jury and a fair day in court, however, when the litigant has demonstrated a clear intention not to participate in the litigation*". *Al-Amir* at 931 (emphasis added).

These competing interests require a court to apply a four-part balancing test before levying a dismissal or a default: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Id.*

The Fourth Circuit has also "emphasized the significance of warning a defendant about the possibility of default before entering such a harsh sanction." *Hathcock v. Navistar Int'l Transp.*

*Corp.,* 53 F.3d 36, 40 (4th Cir.1995); *see also Sadler v. Dimensions Health Corp.,* 178 F.R.D. 56, 59–60 (D.Md.1998) (describing emerging trend in Fourth Circuit to consider warning prior to extreme sanctions). Failure to respond to interrogatories can merit dismissal or default. *See National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976); *Anderson v. Home Ins. Co.,* 724 F.2d 82, 84 (8th Cir.1983); *Daye v. General Motors Corp.,* 172 F.R.D. 173, 179 (M.D.N.C.1997). Other courts within the Fourth Circuit have applied *Mutual Federal*'s test and then entered default judgment as sanctions against plaintiffs who refused both defendants' requests and judges' orders that they appear for depositions. *See Robinson v. Morgan,* 160 F.R.D. 665, 666 (E.D.N.C.1995); *Robinson v. Yellow Freight Sys.,* 132 F.R.D. 424, 429 (W.D.N.C.1990).

In this case, the record reflects that Defendants received multiple warnings that sanctions would be sought following Defendants' utter failure to timely respond to discovery. The "warnings' can be summed up as follows:

1. On January 12, 2023 the Court ordered Defendants to respond to discovery;
2. On February 27, 2023, the Court granted the parties consent motion, again setting dates for discovery;
3. On May 10, 2023 the Court indicated the Defendants will produce discovery by May 31, 2023 and also noted the deposition of Defendant Allen;
4. On June 12, 2023 Plaintiff's requested a pre-motion conference for sanctions and to again compel discovery; and,
5. On August 29, 2023 the Court conducted a telephonic conference with counsel extending discovery dates but also permitting the filing of this Motion by Plaintiffs.

It is clear from the record that Defendants had multiple warnings regarding possible sanctions and yet continued to defy the Court's specific Orders to produce discovery including the deposition of Allen. In the event "warnings" of sanctions are deemed necessary, the record supports the many warnings given to Defendants.

As to the four factors, in this case, I find that Plaintiff acted in bad faith in continuing to deny Plaintiff any discovery until one day before the Reply to this motion was due. Defendants constantly rescheduled the deposition of Defendant Allen who ultimately failed to appear. The first factor is met to satisfy default judgment.

As to the second factor, Defendants willfully and intentionally withheld information and testimony that has denied Plaintiff an opportunity to litigate its claims. Plaintiff has suffered prejudice in the intentional delay tactics employed by Defendants to make this one year litigation stretch into infinitum. The prejudice is obvious in the docket which sets forth all the unnecessary litigation efforts Plaintiff has had to endure in chasing down the Defendants for discovery. As Plaintiff also points out, the increase in time will impact on the memory of witnesses and testimony in this case. The second factor has been met.

With respect to the third factor, there is a strong need for deterrence of litigants who abuse the process and totally ignore their responsibilities to the Court. The Court must "send an unmistakable message to them and others that the judicial system will not tolerate repeated misconduct never wholly remedied in the future… to find otherwise would send the opposite message that the court may be pushed, ignored and defied to the outermost limits so long as the noncomplying party has even an inadequate fallback act ready in the wings should the final curtain be falling." *Al-Amir* at 931. Here we have repeated misconduct that was never wholly remedied. The third factor has been met for default judgment.

As to the fourth factor, the effectiveness of less drastic sanctions, in totally denying Plaintiff an opportunity to litigate its claims, there are no effective less drastic sanctions. The damage here is done in spades. Anything less would reward Defendants for their total failure to provide discovery in this case. There were repeated extensions of discovery. Defendants have had ample opportunity to cure their default in discovery but had the audacity, knowing this motion was filed, to continue to defy this Court's Orders and cancel the deposition of Defendant Allen. There are no less drastic measures. All four factors in *Mutual Federal* are satisfied.

### CONCLUSION

Therefore, I recommend granting the Motion for Sanctions and entering a default judgment in favor of Plaintiff for the total amount of the judgment sought. I also recommend Plaintiff be awarded costs to be determined by a fee petition filed within 30 days of this Order.

Any objections to this Report and Recommendation must be served and filed within 14 days pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

Date: 7 December 2023

A. David Copperthite
United States Magistrate Judge