IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| THE J. NOBLE GROUP, LLC, | * | |
| Plaintiff, | * | |
| v. | * | |
|  | * | Civil No. 22-1618-BAH |
| REGINALD ALLEN ET AL., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Pending before the Court are Defendants Reginald Allen's ("Mr. Allen's") and Broadcast Commercial Construction, LLC ("Broadcast Commercial's") Objections to the Report and Recommendation (hereinafter "Objections"), ECF 71, entered by United States Magistrate Judge A. David Copperthite (hereinafter "R and R"), ECF 68, on December 7, 2023, recommending default judgment against Defendants as a sanction for the failure to comply with discovery obligations. Plaintiff The J. Noble Group, LLC ("Plaintiff") has filed a response to the Objections. ECF 74. Defendants have also requested a hearing on the matter and filed a separate motion seeking that relief. ECF 72. Also pending are a motion filed by counsel for Defendants seeking permission to withdraw as counsel of record, ECF 70,[1] and a motion for attorney's fees filed by Plaintiff at the direction of Judge Copperthite, ECF 75. All motions are ripe for disposition, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023).

---

[1] Defense counsel also filed a certificate pursuant to Local Rule 101.2. ECF 69.

1

For the reasons noted below, the Court adopts Judge Copperthite's R and R in part and declines to adopt it in part.  Specifically, the Court agrees that Defendants have engaged in sanctionable conduct and finds that they must pay reasonable attorney's fees and costs incurred by Plaintiff to address Defendants' misconduct.  These fees and costs are summarized in Plaintiff's motion for attorney's fees, ECF 75.  As noted below, Plaintiff's motion for attorney's fees, ECF 75, is GRANTED subject to a motion for reconsideration filed by Defendants within five (5) days of the entry of this opinion and an accompanying order.  The Court declines to enter default judgment as an additional sanction.  However, subject to the specific instructions noted below, the Court orders that the deposition of Mr. Allen must occur on or before January 23, 2024.  In the event the deposition does not occur, the Court will immediately enter an Order to Show Cause as to why default judgment should not be granted.  Mr. Allen's motion for a hearing, ECF 72, is DENIED.  Finally, the Court GRANTS the motion of Nathaniel Edmond Jones, Jr., and Jones & Associates, PC, to withdraw as counsel for Defendants, ECF 70.

**I.      Relevant Facts**

On June 12, 2023, Plaintiff asked this Court for permission to file an appropriate motion to address Defendants failure to produce written responses to Plaintiff's written discovery requests.  ECF 58, at 1.  The request followed a long history of non-compliance by Defendants with numerous litigation deadlines.  This non-compliance is summarized by Judge Copperthite's R and R, and the Court adopts that factual summary in full.  See ECF 68, at 2–7.  Most relevant to the issues currently pending are Scheduling Orders entered by Judge Griggsby, to whom this matter was previously assigned.  See ECF 27; ECF 30; ECF 37; ECF 52; ECF 55; and ECF 60.

On an August 29, 2023, on a telephone call with Judge Griggsby to discuss Plaintiff's request to file a motion seeking sanctions, the parties briefly discussed Plaintiff's allegations

2

related to Defendants' non-compliance with discovery obligations, including Plaintiff's claim that Mr. Allen had failed to appear for his deposition scheduled for June 29, 2023. Though Plaintiff repeatedly indicated its intention to seek sanctions including default judgment, Judge Griggsby did not provide an explicit warning to Defendants that default judgment may issue if Plaintiff's allegations were substantiated. However, Judge Griggsby granted the request to file the motion and referred the matter to Magistrate Judge Copperthite to address the forthcoming motion. ECF 61. Judge Griggsby also amended the Scheduling Order once again, extending discovery deadlines to require requests for admission by January 5, 2024, and noting that discovery must be completed by January 19, 2024. ECF 60, at 1. No party objected to this extension.

On September 29, 2023, Plaintiff filed the Motion to Compel and/or for Sanctions (the "Motion"). *See* ECF 62. As anticipated, Plaintiff alleged that Defendants failed to respond to discovery requests and also claimed that Mr. Allen had failed to appear at his deposition scheduled for June 29, 2023.[2] *Id.* at 6–7. Defendants responded by claiming that by October 20, 2023, they had, in fact, responded to Plaintiff's discovery requests and offered new dates for Mr. Allen's deposition.[3] ECF 63, at 2. Defendants conceded that attorney's fees for costs incurred by Plaintiff for the drafting and filing of the Motion were appropriate, but they argued that no further sanction

---

[2] Mr. Allen is "believed to be the sole person responsible for [] operating Broadcast Commercial Construction, LLC." ECF 62, at 2 n.1. "Mr. Allen was also identified by the company's attorney as the sole person who would testify as the entity's corporate designee under Rule 30(b)(6) of the Federal Rules of Civil Procedure." *Id.*

[3] Specifically, Defendants claimed that they provided Answers to Interrogatories of Defendant Reginald Allen to Plaintiff's First Set of Interrogatories to Defendant Reginald Allen, Responses of Defendant Reginald Allen to Plaintiff's First Request for Production of Documents to Defendant Reginald Allen, Answers to Interrogatories of Defendant Broadcast Commercial Construction, LLC to Plaintiff's First Set of Interrogatories to Defendant Broadcast Commercial Construction, LLC, and Responses of Defendant Broadcast Commercial Construction, LLC to Plaintiff's First Request for Production of Documents to Defendant Broadcast Commercial Construction, LLC. ECF 63, at 2.

3

was necessary "because Defendants have now provided Plaintiff with the requested discovery, and offered Plaintiff timely deposition dates for Mr. Allen." *Id.* at 9.

On November 21, 2023, Plaintiff filed a reply noting that though Defendants did provide responses to some discovery requests by October 20, 2023, Defendants neglected to provide requested documents until November 21, 2023. ECF 66, at 2. Plaintiffs also offered that Mr. Allen's deposition was scheduled to occur on December 5, 2023, but expressed doubt as to whether he would actually appear. *Id.* That doubt was well-founded. On December 5, 2023, Plaintiff filed a supplement to the Motion reflecting that Mr. Allen had "again unilaterally failed to appear for his [December 5, 2023] deposition." ECF 67, at 1. The supplement included an email from Mr. Allen himself reflecting that Mr. Allen was aware of the deposition but seeking—just one day before it was to occur—the postponement of the deposition because "[w]e are waiting for a document to be delivered." *Id.* at 2; ECF 67-2, at 1. Plaintiff rejected the request to reschedule. ECF 67, at 3; ECF 67-3, at 1. Mr. Allen's counsel nonetheless informed Plaintiff that Mr. Allen would not appear at his deposition and asked to reschedule it. *Id.*; ECF 67-1, at 2. As of this writing, Mr. Allen has not been deposed.

On December 7, 2023, Judge Copperthite issued an R and R recommending that Plaintiff's Motion be granted and that default judgment be entered in favor of Plaintiff as a sanction for Defendants' failure to provide timely responses to discovery requests and for Mr. Allen's repeated failure to appear for his deposition. ECF 68, at 8–9. Judge Copperthite's R and R contains a thorough accounting of the relevant facts and ultimately concludes that "[i]t is clear from the record that Defendants had multiple warnings regarding possible sanctions and yet continued to defy the Court's specific Orders to produce discovery including the deposition of Allen." *Id.* at 9.

In finding that default judgment was the appropriate sanction, Judge Copperthite applied the factors outlined in *Mutual Federal Savings & Loan Association v. Richards & Associates, Inc.* ("*Mutual Federal*"), specifically: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.  872 F.2d 88, 92 (4th Cir. 1989).

As to the first factor, Judge Copperthite found that Defendants acted in bad faith "in continuing to deny Plaintiff any discovery until one day before the Reply to Plaintiff's motion [for sanctions] was due."  ECF 68, at 9.  Judge Copperthite also noted that Defendants "constantly rescheduled the deposition of Defendant Allen who ultimately failed to appear." *Id.*  Regarding prejudice to Plaintiff, Judge Copperthite found that "Defendants willfully and intentionally withheld information and testimony that has denied Plaintiff an opportunity to litigate its claims" and that "Plaintiff has suffered prejudice in the intentional delay tactics employed by Defendants to make this one year litigation stretch into infinitum." *Id.*  In so concluding, Judge Copperthite cited to numerous docket entries setting "forth all the unnecessary litigation efforts Plaintiff has had to endure chasing down the Defendants for discovery." *Id.*

In addressing the need for deterrence, Judge Copperthite determined that an "unmistakable message" must be sent that the judicial system will not tolerate repeated misconduct never wholly remedied in the future . . . ." *Id.* (citing *Mya Saray, LLC v. Al-Amir*, 831 F. Supp. 2d 922, 931 (E.D.V.A. 2011)).

As to the appropriate sanction, Judge Copperthite determined that default judgment was necessary because "[a]nything less would reward Defendants for their total failure to provide

5

discovery in this case." *Id.* at 10.  He noted that "[t]here were repeated extensions of discovery," and though Defendants "had ample opportunity to cure their default," they had the "audacity, knowing [the Motion] was filed, to continue to defy this Court's Orders and cancel the deposition of Defendant Allen."  *Id.*  Judge Copperthite concluded by finding that Plaintiff should also "be awarded costs to be determined by fee petition filed within 30 days of this Order."  *Id.*

On December 21, 2023, Defendants filed their Objections to the R and R.  ECF 71.  Though filed by the Defendants themselves, the Objections contain a footnote stating that "[p]ursuant to Local Rule 102.1(a)(ii)," the Objections were "prepared by Gerard Wm. Wittstadt, Jr., a Maryland attorney . . . ."  *Id.* at 1 n.1.  The Objections are not a model of clarity.  What is undisputed is that the Objections concede that Defendants' discovery responses were untimely.  *Id.* at 2.  The Objections also do not dispute that Mr. Allen repeatedly failed to appear for his deposition, including his eleventh hour cancelation for the deposition scheduled for December 5, 2023.  *Id.*

Despite these concessions, Defendants attempt to explain Mr. Allen's non-appearance at the December 5, 2023, deposition by alleging that he "first learned" of its scheduling "on the morning of December 4, 2023."  *Id.*; ECF 71-4, at 2.  This representation, even if true,[4] failed to provide further explanation as to why Mr. Allen could not appear the next day.  To combat Judge Copperthite's finding of "bad faith," Mr. Allen also claims that his failure to attend the December 5, 2023, deposition was due to "unfortunate advice" from his counsel.  ECF 71, at 2.  Though the Objections fail to expand on what this bad advice actually was, Mr. Allen's attached affidavit

---

[4] Mr. Allen avers that emails attached to the Objections "clearly show that [he] was not aware of the fact that his deposition was scheduled until December 4, 2023 . . . ."  ECF 71, at 3.  There is ample reason to discredit Mr. Allen's representation.  For example, Mr. Allen's affidavit reflects that he was at least made aware of the deposition on December 3, 2023, when he received an email from a representative of Plaintiff with the subject line "Deposition" and noting that counsel for Mr. Allen had expressed to Plaintiff that Mr. Allen was "uncommitted," and expressly urging Plaintiff not to "no show" at the deposition.  ECF 71-4, at 2.

6

attempts to provide more information by outlining a fee dispute between Mr. Allen and his counsel. ECF 71-4, at 3. Mr. Allen alleges that his counsel refused to attend the December 5, 2023, deposition due to the fee dispute and purportedly advised Mr. Allen "not to go [to the deposition] without counsel." *Id.* at 2.

Defendants vaguely challenge Judge Copperthite's application of the remaining *Mutual Federal* factors. Defendants claim that Mr. Allen's discovery-related failures "clearly" caused "very little" prejudice to Plaintiff. ECF 71, at 3–4. Defendants appear to allege that their belated disclosure of written discovery largely remedied prior misconduct and notes that Mr. Allen is "participat[ing] in the litigation." *Id.* at 2. Defendants also argue that a "lessor sanction" like "monetary sanctions" or "order[ing Mr. Allen] to appear in Court for a deposition" is more appropriate to punish him for any misconduct that occurred. *Id.* at 4. Defendants close by stating that Defendants "are in the process of hiring new counsel" and by reserving the "right to supplement this Objection with a full memorandum of facts and law." *Id.* As of this writing, no new counsel has entered an appearance on behalf of Defendants and no supplement has been filed.

On January 4, 2024, Plaintiff filed a response to Defendants' Objections. ECF 74. Plaintiff first notes that Defendant Broadcast Commercial is a corporation and thus must be represented by counsel pursuant to Local Rule 101.1(a). *Id.* at 8. Since the Objections were filed *pro se*, Plaintiff urges the Court to reject any objections filed by Broadcast Commercial without further analysis. *Id.* As to the remainder of Defendants' arguments, Plaintiff essentially affirms what is not in dispute: Mr. Allen was aware of his December 5, 2023, deposition and chose not to attend. *Id.* at 9. Plaintiff also provides significant evidence that the deposition date was known to Mr. Allen well in advance, as early as November 8, 2023, since that was the date on which Mr. Allen's counsel offered December 5, 2023, as a possible date for the deposition. *Id.* at 11. Plaintiff issued

7

notice of that deposition on November 20, 2023. *See* ECF 66-4, at 6. Plaintiff also references communication with Mr. Allen's counsel on December 2, 2023, implying that, at minimum, Mr. Allen was aware of his December 5, 2023, deposition on that date. *Id.* at 12. Plaintiff also draws the Court's attention to Mr. Allen's own correspondence on December 4, 2023, that makes no mention of just learning about his deposition that day. *Id.* Instead, Mr. Allen claims to be "waiting for a document" and asks to move the deposition "a few days." *Id.* Plaintiff also notes that Defendants waited until the veritable last minute to provide written discovery responses and urges the Court to agree with Judge Copperthite's findings regarding prejudice, deterrence, and the minimal effectiveness any sanction less severe than default judgment. *Id.* at 16-18.

## II. **Standard of Review**

District judges may delegate a pretrial matter to a United States Magistrate Judge to prepare and file a report and recommendation on the proper disposition of the delegated matter. *See* 28 U.S.C. § 636(b)(1)(A). Once the magistrate judge's report and recommendation is filed, "any party may serve and file written objections" whereupon "[a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."). A magistrate judge's recommendations are merely proposals and hold no presumptive weight. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).

To trigger *de novo* review, a party "must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Further, for objections lodged by self-represented parties, district courts "must review *de novo* any articulated grounds to

which the litigant appears to take issue." *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023). However, "the Court need only conduct a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation to which objection is made." *Chavis v. Smith*, 834 F. Supp. 153, 154 (D. Md. 1993). As to those portions of the report for which there is no objection, the district court "must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 534–35 (D. Md. 2011) (internal quotation marks omitted).

### III. Analysis

As a threshold matter, the Court notes that Defendants offer no specific objections to Judge Copperthite's summary of Mr. Allen's long history of non-compliance with the basic rules of litigation. ECF 68, at 1–7. Defendants also do not dispute that Judge Griggsby entered an Order on February 7, 2023, ordering Defendants "to respond to document requests and interrogatories on or before March 22, 2023." ECF 52. Nor do they dispute that despite Judge Griggsby's explicit order, Defendants' responses were not provided until quite recently and well after their respective due dates. ECF 71, at 2. Defendants admit that Mr. Allen has knowingly and willfully failed to appear for his deposition on two occasions, the most recent of which was on December 5, 2023. *Id.* Though Defendants offer some additional information as to *why* Mr. Allen chose to skip his December 5, 2023, deposition, Defendants appear to only contest the prejudice suffered by Plaintiff and the propriety of the drastic sanction of default judgment.

As such, the Court will accept Defendants' concessions that discovery violations occurred and will construe the Objections as arguing error in Judge Copperthite's application of the four *Mutual Federal* factors.

Even under a *de novo* review, I find that Defendants have acted in bad faith in failing to comply with discovery obligations. There is no dispute that Defendants violated Rule 16 and the Court's February 27, 2023, order compelling a response to interrogatories and requests for production by March 22, 2023. ECF 46. Even if the Court were to construe the parties' joint status report of May 10, 2023, extending the deadline for these responses to "May 31, 2023," ECF 54, at 1, Defendants still failed to provide timely responses. While the Court is mindful that the parties were in the thick of settlement negotiations when some of Defendants' occurred, Defendants nonetheless failed to timely respond to interrogatories and request for production for many months after it was clear that the case was not settled. *See* ECF 54, at 1 (noting on May 10, 2023, that "efforts to settle the case . . . were unsuccessful"). Defendants acknowledge that they were "slow in responding to discovery" but did, ultimately, provide the requested documents and answers. ECF 71, at 2. As such, Defendants plainly admit a violation of the timelines laid out Fed. Rs. Civ. P. 33 (b)(2) and 34(b)(2)(A).

Defendants also fail to provide any valid excuse for Mr. Allen's failures to attend his depositions. Defendants provides no excuse whatsoever for Mr. Allen skipping the deposition scheduled for June 29, 2023. ECF 68, at 6. As to the December 5, 2023, non-appearance, Mr. Allen admits that he was aware of the deposition and made the conscious decision not to attend. To justify this choice, he unsuccessfully attempts to twist the words of his counsel by urging the Court to interpret the advice not to attend a deposition *alone* into a directive ordering Mr. Allen not to attend *at all*. Even crediting Mr. Allen's account of his attorney's advice and accepting the representation that Mr. Allen and his attorneys were involved in a fee dispute around December 5, 2023, Mr. Allen's non-appearance still would not be justified since, as Plaintiff notes, "[t]he law is clear [that] a client cannot avoid sanctions by blaming their attorney for the conduct the court is

sanctioning." ECF 74, at 13 (quoting *BP W. Coast Prod., LLC v. Shalabi*, No. C11-1341 MJP, 2013 WL 12116151, at *2 (W.D. Wash. June 19, 2013); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633–34 (1962)). Moreover, the Court agrees with Judge Copperthite's characterization and finds that Mr. Allen has shown a surprising degree of "audacity" in failing to post for his December 5, 2023, deposition despite facing a motion for sanctions. ECF 68, at 9. Even applying *de novo* review, this non-appearance coupled with the prolonged refusal to comply with the disclosure of written discovery until well past the deadlines reflects bad faith. These violations caused delay in the case and some prejudice to Plaintiff, particularly in forcing Plaintiff to file the Motion and seek production of the requested materials.

As to the "prejudice" prong of the *Mutual Federal* inquiry, 872 F.2d at 92, Plaintiff appears to concede that Defendants' untimely responses to interrogatories or requests for written discovery did not result in significant prejudice. ECF 74, at 16. However, there is no question that the repeated failure to provide timely written responses slowed the litigation and required Plaintiff to spend time raising the issue in correspondence with counsel for Defendants. The bulk of Plaintiff's prejudice claim relates to Mr. Allen's failure to appear for his deposition. It goes without saying that the complete failure of a party to appear for a deposition is inherently prejudicial. Plus, Defendants' non-compliance required the filing of the Motion, numerous subsequent filings, and has essentially stalled the litigation as Plaintiff is forced to seek the Court's assistance in securing basic information to which it is entitled under the Federal Rules of Civil Procedure. *De novo* review yields the conclusion that Plaintiff incurred prejudice due to Defendants' non-compliance with discovery obligations.

The need to deter Defendants' misconduct is particularly acute here. *Mutual Federal*, 872 F.2d at 92. Defendants' behavior during the discovery phase has been non-compliant at best and

11

obstructionist at worst. Defendants treated the Court's discovery orders as advisory. Mr. Allen repeatedly dodged his own deposition. To this day, Defendants appear to be offering thinly supported excuses for their chronic misconduct, including blaming counsel for Mr. Allen's failure to appear for a deposition he was unquestionably aware of. This is precisely the type of "stalling" and non-compliance the Fourth Circuit has directed trial courts to deter. *See id.* at 93 ("stalling and ignoring direct orders of the court . . . must obviously be deterred").

It is on the final prong of the *Mutual Federal* inquiry—the effectiveness of less drastic sanctions—that the undersigned diverges from the recommendation of the R and R. "Rule 37(d) of the Federal Rules of Civil Procedure gives the district court wide discretion to impose sanctions for a party's failure to comply with its discovery orders." *Id.* at 92. More to the point here, Rule 37(d)(1)(A)(i) grants this Court broad discretion to impose sanctions under Rule 37(b)(2)(A) when "a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i).

Mr. Allen has unquestionably failed to appear for his deposition and a sanction is warranted for this (and other) misconduct. However, the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). Thus, the Fourth Circuit has "encouraged trial courts initially to consider imposing sanctions less severe than default." *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 41 (4th Cir. 1995). The sanction of default judgment is an absolute last resort, only to be ordered in "the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules." *Mutual Federal*, 872 F.2d at 92; *see also Dove*

12

*v. CODESCO,* 569 F.2d 807, 810 (4th Cir. 1978) ("While the power to dismiss clearly lies with the district courts, it is appropriately exercised only with restraint.").

The recommended sanction here appears to be largely driven by Mr. Allen's failure to attend the deposition of December 5, 2023.  Though I agree that Mr. Allen offers no good excuse for his non-compliance—and arguably digs a deeper hole through his attempts to deflect blame onto his counsel—I find that a less severe sanction than default judgment is initially warranted for Defendants' and Mr. Allen's misconduct.  Specifically, a Court order compelling Mr. Allen's attendance at a deposition is a more appropriate sanction.  Indeed, there is support for the argument that such an order is *required* under the circumstances presented here before default judgment can be entered.

The Fourth Circuit has "emphasized the significance of warning a defendant about the possibility of default before entering such a harsh sanction." *Hathcock*, 53 F.3d at 40.  "A party . . . 'is entitled to be made aware of th[e] drastic consequence[s] of failing to meet the court's conditions at the time the conditions are imposed, when he still has the opportunity to satisfy the conditions and avoid' the sanction." *Id.* (quoting *Choice Hotels Int'l v. Goodwin & Boone*, 11 F.3d 469, 473 (4th Cir. 1993)).  The language of Rule 37(b) "clearly requires two things as conditions precedent to engaging the gears of the rule's sanction machinery: a court order must be in effect, and then must be violated, before the enumerated sanctions can be imposed." *R.W. Int'l Corp. v. Welch Foods, Inc.*, 937 F.2d 11, 15 (1st Cir. 1991). Thus, "before a party can be sanctioned under [Rule 37], an order compelling production of the document must be violated." *White v. Off. of the Pub. Def. for the State of Md.*, 170 F.R.D. 138, 147 (D. Md. 1997).

Though the Court finds that Defendants were forewarned of the possible sanction of default judgment through the filing of Plaintiff's motion and by counsel for Plaintiff during the August

29, 2023, conference call, it appears that the Court had yet to enter an order compelling Mr. Allen to sit for his deposition. Further, Judge Griggsby extended the deadline for the completion of discovery to January 19, 2024, despite being fully aware that the dispute over the deposition remained unresolved. ECF 60, at 1. The Court is sympathetic to Plaintiff's frustration as a result of Defendants' serial noncompliance and acknowledges that this is a close call; however, the Court cannot agree that default judgment is appropriate while the window for the completion of discovery remains technically open and before another sanction for Defendants' misconduct has been utilized.

Support for a more measured initial approach abounds. For example, in *Robinson v. Yellow Freight System*, a case cited by Plaintiff in its response to the Objections, the Court did not resort to dismissal as a sanction until after the plaintiff failed to comply with an order specifically addressing the failure to appear for a deposition. 132 F.R.D. 424, 425 (W.D.N.C. 1990). Similarly, in *Mutual Federal*, the trial court did not order default judgment until it was clear that other sanctions, including "reasonable attorney's fees, costs and expenses incurred in attempting to enforce" discovery orders proved insufficient to cure rampant misconduct. 872 F.2d at 90. In fact, the Fourth Circuit has found error in a trial court's failure to specifically compel compliance with discovery prior to the entry of default of judgment. *Hathcock*, 53 F.3d at 41. Accordingly, the Court finds that a less severe sanction is warranted to punish Defendants for their flagrant misconduct.

Defendants are cautioned that the Court's initial decision to impose a less severe sanction than default judgment should not be mistaken for condonation of their prolific floating of the rules. To be clear, the Court adopts Judge Copperthite's R and R in all other respects. Further, the Court's decision is based solely on the recognition that an additional warning is required before

default judgment is entered as a sanction. This opinion is that warning. Future non-compliance by Defendants may result in swift sanctions including default judgment.

## IV. Conclusion

The Court ADOPTS IN PART Judge Copperthite's R and R, ECF 68, and GRANTS IN PART[5] Plaintiff's Motion to Compel and/or for Sanctions, ECF 62. The Court orders that Defendants must reimburse Plaintiff for all expenses related to the enforcement of the Court's discovery deadlines, most of which are outlined in Plaintiff's Motion for Attorney's Fees, ECF 75. Plaintiff's Motion for Attorney's Fees is GRANTED and the Court orders Defendants Reginald Allen and Broadcast Commercial Construction, LLC, jointly and severally, to pay an amount of at least $17,808.00 in attorney's fees, and $250 in costs, for a minimum total award of $18,058.00[6] to Plaintiff, The J. Noble Group, LLC.

These reimbursable fees and costs include those related to:

- The December 19, 2022, Request for a Pre-Motion Conference arising from Mr. Allen's failure to produce written discovery responses (ECF 34);

- The January 30, 2023, Request for a Pre-Motion Conference to compel a deposition from Reginald Allen (ECF 41);

- The June 12, 2023, Request for a Pre-Motion Conference arising from a refusal to provide written discovery responses (ECF 56);

- The July 3, 2023, Request for a Pre-Motion Conference arising from Allen's refusal to appear for his deposition (ECF 58);

- Plaintiff's Motion to Compel and/or for Sanctions (ECF 62);

---

[5] The Motion is denied insofar as it seeks default judgment as a sanction for the reasons stated herein.

[6] Plaintiff is also instructed to promptly file a separate motion (and proposed order) seeking the fees incurred while preparing the petition for fees, ECF 75, as his task does not appear to be included in Plaintiff's "Summary of Labor Expended." *See* ECF 75, at 4–5.

- Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion to Compel and/or for Sanctions (ECF 66);

- Plaintiff's Supplement to the Reply to Defendants' Opposition to Plaintiff's Motion to Compel and/or for Sanctions, which was filed after Mr. Allen failed to appear for the December 5, 2023, deposition (ECF 67);

- Time spent drafting the topics and preparing the initial FRCP 30(b)(6) deposition notice, amended FRCP 30(b)(6) deposition notice, and second amended FRCP 30(b)(6) deposition notice and communications related to these deposition notices;

- Time spent preparing for and attending pre-motion conferences on January 12, 2023, and August 29, 2023, and communications about these pre-motion conferences;

- Time spent preparing for the June 29, 2023, deposition at which Mr. Allen refused to appear;[7]

- Time spent preparing for the December 5, 2023, deposition at which Mr. Allen refused to appear; and

- $250 in costs for the Late Cancellation Fee for Mr. Allen's refusal to appear at the December 5, 2023, deposition.

Ordinarily, the Court would refer the matter to a United States Magistrate Judge to review Plaintiff's request for fees and costs. However, such a referral is not necessary here as Plaintiff has already tabulated and substantiated these expenses and filed them with the Court. *See* ECF 75. The Court has reviewed these fees and costs and finds them to be reasonable. However, the Court will permit Defendants five (5) days to file a motion for reconsideration of this memorandum opinion and accompanying order as they pertain to ECF 75 including specific objections to the proposed fees and costs.

---

[7] The Court recognizes that some of these fees may have been incurred in the ordinary course of litigation even if Defendants had followed the rules. For example, Plaintiff would have prepared for Mr. Allen's deposition in any event. However, the Court is mindful of the fact that memory fades and that even a short continuance can require the need to revisit a subject area anew. Thus, the Court does not find it unreasonable to seek reimbursement for the preparation of the June 29, 2023, and December 5, 2023, depositions of Mr. Allen. To the extent that any of the requested fees arguably represent "double counting," the Court finds that this sanction is nonetheless warranted to address Defendants' repeated failures to comply with discovery obligations.

This does not, of course, end the matter as Mr. Allen has yet to sit for his deposition. Accordingly, it is further ordered that within two (2) days of entry of this opinion and accompanying order, Plaintiff is to provide the Court and Defendants with at least two (2) proposed dates for the deposition of Mr. Allen, to occur on or before January 23, 2024.  Notice of those proposed dates shall be filed on the docket as correspondence and emailed to Mr. Allen and to Attorney Gerard Wm. Wittstadt, Jr., who is currently assisting Mr. Allen in this litigation.  Mr. Allen must inform Plaintiff of his chosen date by noon on the business day following receipt of Plaintiff's proposed dates.  Upon confirmation of the date of the deposition, Plaintiff is to file notice of that deposition with the Court as an attachment to additional correspondence and to provide formal notice of that deposition to Mr. Allen via email to Mr. Allen and to Mr. Wittstadt, Jr.  Mr. Allen is ordered to appear during the properly noticed time and at the properly noticed place for the deposition.[8]  If Mr. Allen fails to appear for the deposition or is otherwise non-compliant with the Court's directives, the Court will immediately issue an Order to Show Cause as to why default judgment should not be entered.  The Court will also entertain a proposed modification to the scheduling order to account for additional time needed to complete the depositions and close discovery should the deposition be scheduled after the current discovery deadline of January 19, 2024.

Finally, the Court has reviewed the Motion to Withdraw as counsel filed by Nathaniel E. Jones, Jr. and Jones & Associates, P.C.  ECF 70.  That motion is GRANTED.  Mr. Allen is advised that he must either have new counsel enter an appearance on his behalf or advise the Clerk of the Court that he will be proceeding without counsel.  Defendant Broadcast Commercial must have

---

[8] At least one prior deposition was scheduled to occur at the office of Plaintiff's counsel in Greenbelt, Maryland.  *See* ECF 62-15, at 1.  It is assumed that this will be the location for the re-scheduled deposition.

new counsel enter an appearance on its behalf or it will be subject to a default judgment pursuant to the Court's Local Rules.

      A separate implementing Order follows.

Dated: January 10, 2024                                   /s/
                                                             Brendan A. Hurson
                                                             United States District Judge